**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CARLOS ALBERTO HINOSTROZA POZO, | Civil Action No. 26-2200 (SDW) |
| Petitioner, | |
| v. | OPINION |
| WARDEN, ELIZABETH DETENTION CENTER, | |
| Respondent. | |

**IT APPEARING THAT:**

1.      Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by *pro se* Petitioner Carlos Alberto Hinostroza Pozo, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Elizabeth Detention Center in Elizabeth, New Jersey. ("EDC").  (ECF No. 1).

2.      Petitioner is a citizen of Peru.  (*Id.* ¶ 1).  "He entered the United States on a B-2 non-immigrant visa on December 20, 2002, which permitted his stay until June 19, 2003."  (ECF No. 7 at 1).  He adjusted his status to "a permanent resident on a conditional basis" on June 1, 2011.  (*Id.*)  His conditional status was terminated on July 7, 2015.  (*Id.*)

3.      Petitioner was arrested by the Passaic Police Department on January 1, 2026 for simple assault.  (ECF No. 1 ¶ 8; ECF No. 7-1 at 4).  He was transferred to Immigration and Customs Enforcement's ("ICE") custody on January 3, 2026.  (ECF No. 1 ¶ 9).  He "was placed into removal proceedings and charged with removability as [a noncitizen] lawfully admitted for permanent residence on a conditional basis whose status was terminated in violation of section 237(a)(1)(D)(i) of the Immigration and Nationality Act ('INA')."  (ECF No. 7 at 1-2).

4.     Petitioner was detained pursuant to 8 U.S.C. § 1226(a) and was scheduled for a bond hearing on January 15, 2026 before he withdrew his hearing request.  (ECF No. 7 at 2; ECF No. 7-5 at 2).  Ultimately, a hearing took place on January 29, 2026, but the immigration judge denied bond due to "DANGER."[1]  (ECF No. 7-6 at 2).

5.     Petitioner filed his Petition on March 3, 2026, arguing that "ICE detained Petitioner without providing a meaningful opportunity to challenge his detention.  A bond hearing was requested and subsequently denied, leaving Petitioner in prolonged detention."  (ECF No. 1 ¶ 10).

6.     Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

7.     Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process.  Therefore, this Court has habeas jurisdiction over his claims.  *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

8.     It is undisputed that Petitioner is detained pursuant to § 1226(a).  (ECF No. 7 at 1).  That section entitles Petitioner to a bond hearing in front of an immigration judge.  Petitioner had

---

[1] According to Respondent, "[t]he language in the Immigration Judge's decision appears to reference that [a noncitizen] must demonstrate, by clear and convincing evidence, that release would not pose a danger to other persons or to property."  (ECF No. 7 at 2 n.2 (citing 8 C.F.R. § 1003.19(h)(3))).

a bond hearing before he filed this Petition, despite his statements to the contrary.  (*See* ECF No. 1 ¶ 10).

9.      This Court lacks jurisdiction to review any discretionary determinations underlying the immigration judge's bond decision, and there is no indication that the bond hearing was fundamentally unfair.  *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022).

10.     Petitioner was entitled to a bond hearing, and he received one.  Any further challenge to the immigration judge's decision must be filed with the Board of Immigration Appeals.

11.     In addition, Petitioner has only been detained since January 3, 2026.  (ECF No. 1 ¶ 9).  This is not an "overly prolonged" detention on the facts before this Court.  *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

12.     Therefore, this Court will deny the Petition.

13.     An appropriate order follows.

_____
Hon. Susan D. Wigenton,
United States District Judge
Dated: March 27, 2026